## J. E. Delaney v. The State.

### No. 3262.   Decided November 1, 1905.

**1.—Robbery With Fire Arms—Deputy Clerk—Woman May Act as Deputy—
Filing.**

On a trial for robbery, on change of venue, there was no error in permitting
the transcript to be filed during the trial.   A woman is not disqualified from
acting as deputy clerk and certifying to such transcript.

**2.—Same—Special Venire—Jury and Jury Law.**

On a trial for robbery, it appearing that there were only thirty-six jurors
drawn for the term, and the order for the venire not only provided for sum-
moning these thirty-six jurors but for additional jurors, there was no error.

**3.—Same—Bill of Exceptions.**

Where a bill of exceptions is defective in not stating the testimony it will
not be considered.

**4.—Same—Evidence—Corroboration.**

On a trial for robbery there was no error to show that on the night of the
robbery the prosecutor was on his way to B. County, to explain why he did not
remain at the place of the robbery and ferret out the crime.

**5.—Same—Withdrawal of Testimony—Identification.**

On a trial for robbery where the court withdrew the testimony of a witness
as to declarations by prosecutor with reference to the identification of defendant,
and there was evidence that the prosecutor did identify defendant as the party
who robbed him, there was no reversible error.

**6.—Same—Evidence—Corroborating Testimony.**

On a trial for robbery there was no error in permitting witness to testify
that he saw the prosecutor at the depot in El Paso on his way to San Antonio,
etc., which was offered in corroboration of prosecutor's testimony.

**7.—Same—Charge of Court—Alibi.**

Where there was no testimony that defendant was not at the scene of the
crime a charge on alibi was not required.

**8.—Same—Evidence—Confession—Attempt to Escape.**

On a trial for robbery there was no error to admit statements of the defendant
to the officer while the latter was conveying him to jail, showing efforts on part
of defendant to escape by standing in with the officer.

**9.—Same—Evidence—Charge of Court—Co-Conspirator.**

On trial for robbery where the testimony showed that a declaration of a
codefendant to prosecutor just before the robbery was not of a criminative
character, there was no error in admitting same and in not charging on the
law of co-conspirators.

Appeal from the District Court of Reeves.   Tried below before Hon.
James. R. Harper.

Appeal from a conviction of robbery committed by the use of fire-
arms; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*T. J. Hefner & M. W. Stanton,* for appellant.   On question to quash
special venire, Hicks v. State, 5 Texas Crim. App., 488; Wyers v. State,
22 id., 258; Shackleford v. State, 2 id., 385; Samschen v. State, 8 id.,
45; Habel v. State, 13 S. W. Rep., 1001; art. 648, Code Crim. Proc.;

Bates v. State, 4 Texas Ct. Rep., 692; Weaver v. State, 19 Texas. Crim. App., 547; Burris v. State, 36 Texas Crim. Rep., 13; Sanchez v. State, 39 id., 389; Newman v. State, 6 Texas Ct. Rep., 300; Locklin v. State, 8 id., 204; Weathersby v. State, 29 Texas Crim. App., 278; Williams v. State, 24 Texas Crim. App., 32. On question of conspiracy: Loggins v. State, 12 Texas Crim. App., 65; Parr v. State, 36 Texas Crim. Rep., 493; Crook v. State, 27 Texas Crim. App., 198; Wallace v. State, 10 Texas Ct. Rep., 915; Dean v. State, 11 Texas Ct. Rep., 692. On question of withdrawal of testimony: Williford v. State, 36 Texas Crim. Rep., 414; Barth v. State, 46 S. W. Rep., 228; Trotter v. State, 37 Texas Crim. Rep., 468; Reddick v. State, 35 id., 463; Clark v. State, 39 id., 152.

*Howard Martin,* Assistant Attorney-General, for the State. On question of deputy clerk: Harkreader v. State, 35 Texas Crim. Rep., 243.

BROOKS, JUDGE.—This conviction is for robbery committed by the use of firearms, the penalty assessed being five years confinement in the penitentiary.

The statement of facts shows that prosecutor John Montague, arrived in El Paso, from Cananea, Mexico, en route to Bandera County, to visit his sick sister. While waiting at El Paso for his train, an unknown party (whose name was afterwards ascertained to be Martin) enveigled prosecutor into a saloon, under the pretext that said Martin wanted to buy a cigar. Harris (codefendant) was the proprietor of the saloon. Immediately upon entering the saloon, Martin, Harris and appellant acting together, by the use of firearms, robbed prosecutor of $400.

Upon motion of appellant, the venue was changed to Reeves County.

By the first bill of exceptions it is shown that appellant pleaded to the jurisdiction of the court for the reason that the transcript from the district court of El Paso County was defective, because the same had not been filed. The court permitted this to be done. He further insists that a woman was deputy clerk of El Paso County, and was not qualified under the law to certify to the transcript. It was proper for the court to have the file mark placed upon the transcript. There is no law requiring that a deputy clerk should be a qualified voter. There is no provision in our statute prohibiting a woman from acting as deputy clerk. We held in Harkreader v. State, 35 Texas Crim. Rep., 243, that a minor could be a deputy.

The second bill complains of the manner in which the special venire was drawn. It appears that there were only thirty-six jurors drawn for the term; and the order for the venire not only provided for the summoning of these thirty-six jurors, but for additional jurors. This practice is specially authorized by article 648, Code Criminal Procedure, and see authorities cited by Judge White in his notes under said article.

Bill number 3 complains that the court permitted prosecutor to testify that he had a conversation with a stranger, whom he afterwards iden-

tified as Martin, one of the codefendants. This evidence was manifestly admitted upon the theory that Martin was a co-conspirator with appellant. However, the bill is defective in not stating the declarations of Martin. Hence there is no error shown by the bill. And he also excepted to the testimony of prosecutor to the effect, that on the night of the robbery, he was on his way to Bandera County to see his sick sister. This testimony was admissible, since it explains why prosecutor did not remain in El Paso and ferret out the perpetrators of the crime.

The fifth bill shows that the State was permitted to prove by Rynerson the following: "Prosecutor Montague was with us for the purpose of identifying the parties; that is, for the purpose of stating whether this party (defendant) was one of the men who robbed him. Mr. Montague identified him. He identified him after we arrested defendant." After the admission of this testimony, the court instructed the jury orally that they should not consider said statement of witness for any purpose. We think the admission of this testimony was error, but the same was certainly cured by the court excluding it from the consideration of the jury. The fact that prosecutor identified appellant is a very clear and legitimate inference to be drawn by any intelligent juror from all the other facts of the case, since the record before us shows that he alone testified to the identity. It clearly appears from that fact that no other inference could be drawn by the jury than that prosecutor must have identified appellant as the party who robbed him. This being true, while it was error for the court to permit the officers to testify to said identification, yet this is not such an error as authorizes a reversal, especially in view of the exclusion of the testimony by the court.

Nor do we think that the court erred in permitting Nix to testify that he saw prosecutor at the depot in El Paso on his way to San Antonio, just before train time, on the night of the alleged robbery. This is corroborative of prosecutor's testimony that he was there and in the light of this record, the fact that he was, became a very material inquiry.

We do not think the court erred in refusing to charge on the defense of alibi, since no witness testified that appellant was not at the scene of the robbery. On the other hand, the State's evidence conclusively shows that he was.

Bill number 6 shows that the deputy sheriff Rynerson was permitted to testify, over appellant's objection: "After we had arrested defendant, and on the way down to the county jail, after prosecutor Montague and Briggs had left me on the corner of Overland and Utah streets, and while defendant and I were going towards the county jail, he made a statement to me. I warned him. When I warned defendant, I told him any statement he might make could be used against him in evidence. Defendant did not say anything immediately after that. We walked on a little way, and he then said to me, 'Is not there anyway we can square this?' I said, 'No, I don't think there is.' He says, 'I would like to square it with you.' I says, 'You can't do it.'

He says, 'Well, it is pretty dark; I might get away from you and nobody would know anything about it.' I said, 'If you try it I will break your leg for you.'" Appellant objected to this testimony on the ground that appellant was under arrest and had not been sufficiently warned, and that the statement made to witness was not in fact a confession; and there was nothing shown to attract defendant to what witness referred to when he warned him; and that such statement was in any event not a confession of guilt, but might be made by an innocent man. We do not think there is any error in the ruling of the court. The efforts of appellant to escape by standing in with the officer is a criminative fact, and the statement as detailed above shows very conclusively that this was his purpose in having the conversation with the officer. The bill also shows that he was properly and duly warned.

Appellant, in motion for new trial, insists that the court erred in not charging the law applicable to the declarations of a co-conspirator, it being insisted by appellant that prosecutor testified to certain statements and acts of Martin occurring in the absence of appellant. The record before us in reference to this matter shows the following: That prosecutor while loitering around the depot, waiting for his train to go to Bandera County, was approached by Martin, and after walking up and down the railroad with Martin some while, Martin requested prosecutor to go with him to the saloon, where the robbery occurred, to get a cigar. Prosecutor went along with Martin. Immediately upon prosecutor and Martin entering the saloon, appellant also entered, wearing a long linen duster; and after ordering drinks, appellant and Martin each placed a $10 bill on the counter to pay for them. Harris, the saloon-keeper, who was evidently acting with the other parties, announced that he would have to go in the back room to get it changed. Immediately the switch was turned, and the lights went out. They then took prosecutor in the back room, and with two pistols presented on him, took $400 from his person. The mere fact that Martin asked prosecutor to go to the saloon with him, is not such fact as would authorize a charge upon the acts and declarations of co-conspirators in the absence of appellant. This is certainly true in the light of this record, because prosecutor swears conclusively to the identity of Martin, appellant and Harris as being the guilty perpetrators of this crime. If it was such a declaration or such criminative request on the part of Martin to prosecutor as would under some circumstances require the charge suggested, still we think it was harmless error, if error, in the light of this record. But we do not think it was erroneous, for there was nothing per se criminative, except in the light of subsequent events. It therefore, follows that the court did not err in failing to so charge.

We have reviewed appellant's various assignments of error, and find no error in this record, the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.